IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MICHELE DIMMOCK AND DURON DIMMOCK | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>)<br>) FILE NO.: 4-08-CV-10 (CDL) |
| ALBERTO-CULVER USA, INC., WAL-MART STORES EAST, LP AND DOE CORPORATIONS 1-5 | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ANSWER OF DEFENDANT ALBERTO-CULVER USA, INC.

COMES NOW Defendant Alberto-Culver USA, Inc. and for its Answer shows the Court the following:

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted against this Defendant.

### SECOND DEFENSE

The Plaintiffs' Complaint must be dismissed due to lack of subject matter jurisdiction inasmuch as the amount in controversy in this case does not equal $75,000.

### THIRD DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive damages against this Defendant.

## FOURTH DEFENSE

This Defendant denies that it was negligent in any way. In the event that the jury determines that the Defendant was negligent, however, any such negligence was equaled or exceeded by the negligence of the Plaintiffs. Consequently, there can be no recovery in favor of the Plaintiffs.

## FIFTH DEFENSE

The injuries and damages complained of by the Plaintiffs were proximately caused by the Plaintiff's failure to exercise ordinary care for her own safety. Consequently, there can be no recovery in favor of the Plaintiffs or their recovery must be reduced by the percentage of negligence attributable to the Plaintiffs.

## SIXTH DEFENSE

The Plaintiffs' Complaint seeking recovery under Count I for strict liability must be denied because the product in question was not defective. Consequently, the Plaintiffs' claim fails to state a claim upon which relief can be granted under the theory of strict liability.

## SEVENTH DEFENSE

The Plaintiffs' Complaint is barred by the doctrine of Assumption of the Risk.

## EIGHTH DEFENSE

This action must be dismissed or transferred to the Northern District of Georgia, Atlanta Division, due to improper venue.

## NINTH DEFENSE

In response to the individually numbered paragraphs of the Complaint, this Defendant shows the following:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.

In response to the allegations contained in paragraph 2, it is denied that the Defendant's product caused serious bodily injury to the Plaintiff. The Defendant is without knowledge or information sufficient to form a belief as to the truth as to whether the product was purchased in Georgia. The Defendant admits that its registered agent is properly named in this paragraph. It is denied that venue is proper in this Court.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 except it is denied that the Plaintiff suffered a serious bodily injury. It is further denied that venue is proper in this Court.

4.

The allegations contained in paragraph 4 are denied.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6, 7 and 8. Consequently, all such allegations are denied.

7.

The allegations contained in paragraphs 9, 10 and 11 are denied.

8.

In response to the allegations in paragraph 12, this Defendant adopts by reference its responses to all preceding paragraphs as if fully restated herein.

9.

The allegations contained in paragraph 13 are denied.

10.

The allegations contained in paragraph 14 are admitted.

11.

The allegations contained in paragraph 15 are admitted.

12.

The allegations contained in paragraphs 16, 17, 18, 19 and 20 are denied.

13.

In response to the allegations contained in paragraph 21, this Defendant adopts by reference its responses to all preceding paragraphs as if fully restated herein.

14.

The allegations contained in paragraphs 22, 23, 24 and 25 are denied.

15.

In response to the allegations contained in paragraph 26, this Defendant adopts by reference its responses to all preceding paragraphs as if fully restated herein.

16.

The allegations contained in paragraph 27 are admitted.

17.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28, 29, 30 and 31.

18.

In response to the allegations contained in paragraph 32, this Defendant adopts by reference its responses to all preceding paragraphs as if fully restated herein.

19.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

20.

The allegations contained in paragraphs 34, 35 and 36 are denied.

21.

In response to the allegations contained in paragraph 37, this Defendant adopts by reference its responses to all preceding paragraphs as if fully restated herein.

22.

The allegations contained in paragraphs 38 and 39 are denied.

23.

Any allegation contained in the Complaint which is not specifically admitted herein is denied.

WHEREFORE, having fully answered, Defendant Alberto-Culver USA, Inc. demands judgment in its favor with costs cast against the Plaintiffs. The Defendant further demands a trial by jury.

                              Respectfully submitted,

                              CARLOCK, COPELAND, SEMLER & STAIR, LLP

                              By: _____
                                  WADE K. COPELAND
                                  State Bar No.: 186862
                                  Attorneys for Defendant
                                  Alberto-Culver USA, Inc.

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
404-522-8220
   ..........
P.O. Box 56887
Atlanta, Georgia  30303

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by LexisNexis file and serve to counsel of record as follows:

> David B. Ross
> Berry, Shelnutt, Day and Hoffman
> P.O. Box 1437
> Columbus, GA 31902

This 25th day of February, 2008.

WADE K. COPELAND
State Bar No.: 186862
Attorneys for Defendant
Alberto-Culver USA, Inc.

Carlock, Copeland, Semler & Stair, LLP
2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303
404-522-8220
..........
P.O. Box 56887
Atlanta, Georgia 30303