# United States District Court
## *Middle District of Georgia*
## Columbus Division

| | |
|---|---|
| MICHELE DIMMOCK, )<br>)<br>and )<br>)<br>DURON DIMMOCK )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>ALBERTO-CULVER USA, INC. )<br>)<br>)<br>and )<br>)<br>WAL-MART STORES EAST, LP )<br>)<br>and )<br>)<br>DOE CORPORATIONS 1 -5, )<br>)<br>    Defendants. )<br>_____) | CIVIL ACTION NO.: 4:08-CV-10(CDL)<br><br><br>JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT

COME NOW, Plaintiffs MICHELE DIMMOCK and DURON DIMMOCK, by and through counsel, and files this Complaint against Defendants and alleges as follows:

### Parties, Jurisdiction and Venue

**1.**

Plaintiffs are residents of Georgia who sustained injuries in said State for which this suit seeks to recover.

**2.**

**ALBERTO-CULVER USA, INC.** is a foreign corporation organized and existing for the purpose of pecuniary gain and profit that regularly conducts business in the State of Georgia and whose products are distributed on a regular basis in the State of Georgia and whose product was purchased in Georgia and caused serious bodily injury to the Plaintiff. Defendant maintains an agent for service in the State of Georgia and can be served with process addressed as follows:

>CT Corporation System
>180 Cherokee Street, N.E.
>Marietta, Georgia 30060
>Cobb County, Georgia

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant has sufficient contacts within this judicial district such that it would be subject to personal jurisdiction in this judicial district if it were a separate state.

**3.**

**WAL-MART STORES EAST, LP** (Hereinafter "Wal-Mart") is a partnership organized and existing for the purpose of pecuniary gain and profit that regularly conducts business in the State of Georgia and who sells merchandise from retail stores on a regular basis in the State of Georgia and which sold the product that caused serious bodily injury to the Plaintiff in the State of Georgia. Defendant maintains an agent for service in the State of Georgia and can be served with process addressed as follows:

>CT CORPORATION SYSTEM
>180 Cherokee St NE
>Marietta, Georgia 30060
>Cobb County

Venue is proper in this Court pursuant to 28 U.S.C. 1391 because the Defendant has sufficient contacts within this judicial district such that it would be subject to personal jurisdiction in this judicial district if it were a separate state.

**4.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and an amount in controversy in excess of $75,000.00.

**5.**

Defendants Doe Corporations 1 – 5 are corporations whose domiciles and principal places of business are unknown and were, at all times material hereto, doing business in the State of Georgia. All Doe Corporations regularly conduct business in the State of Georgia. All are subject to the jurisdiction of this Court, and are joined as unnamed parties.

## FACTS

**6.**

Plaintiff Michele Dimmock purchased a TCB no lye hair relaxer from a Wal-Mart located in the State of Georgia. This hair relaxer is produced and distributed by Defendant **ALBERTO-CULVER USA, INC.**, which is believed to be a wholly-owned subsidiary of the **ALBERTO-CULVER COMPANY.**

**7.**

On or about November 9, 2006, Ms. Dimmock applied the hair relaxer to her hair. Almost immediately, Ms. Dimmock's hair began to fall out in clumps, her scalp began burning, and Ms. Dimmock had to seek medical help.

**8.**

Among other injuries, Ms. Dimmock suffered extensive hair loss which may be permanent, burning of her scalp and neck, permanent scarring, pain, inflammation and swelling, mental and emotional distress, and depression .

**9.**

At all times relevant to this Complaint, the hair relaxer contained chemicals known to all Defendants named herein to cause the exact types of injuries sustained by Ms. Dimmock. Despite these risks and dangers being well-known in the chemical manufacturing/supplying industry, Defendants, all of them, continued to manufacture and distribute the inherently dangerous product and marketed it as a safer alternative to relaxers that contain lye.

Despite touting said product as safe, the product is known to be unsafe for contact with skin and to cause severe burns. These dangers are noted on the material safety data sheet (hereinafter "MSDS) produced by the manufacturer, which is not included with the product by the manufacturer, the distributor or the retail seller. Despite knowledge of the inherent dangerousness of the product, the manufacturer, distributor and retail seller all failed to adequately warn consumers of the gravity of the harm posed by the hair relaxer.

**10.**

Upon information and belief the Defendants, each of them, have determined the cost in loss of sales in warning consumers of the true dangers of the product and have made a calculated decision to withhold this information from consumers in order to maximize their profits.

**11.**

As a direct consequence of the actions and inactions of Defendants **ALBERTO-CULVER USA, INC.** and **WAL-MART**, Plaintiffs have been permanently injured and damaged in an amount to be determined by the enlightened conscience of an impartial jury. Plaintiffs believe that given the indifference to her safety shown by defendants such amount is not less than **$18,000,000.00.**

## COUNT I – STRICT LIABILITY
*[ALBERTO-CULVER USA, INC. ]*

**12.**

Plaintiff incorporates by reference the allegations contained in the preceding paragraphs above as if fully set out herein.

**13.**

Defendant **ALBERTO-CULVER USA, INC.** designed, engineered, manufactured, tested, marketed, and distributed TCB no lye hair relaxer.

**14.**

TCB hair relaxer is marketed primarily toward consumers who are African American women.

**15.**

Plaintiff Michele Dimmock, who is a female, African American consumer, falls within the targeted category of consumers.

**16.**

By reason of a design and/ or manufacturing defect(s), the hair relaxer was not merchantable at the time of its sale and was not reasonably suited to the use intended and as a direct and proximate result of said defect(s) Plaintiff Michele Dimmock was injured.

**17.**

The hair relaxer was defectively designed in at least the following ways:

(a) The chemical formulation created an unreasonably dangerous product;

(b) The chemical formulation posed an unreasonable risk of causing burns, swelling, scarring and hair loss;

(c) The manufacturer did not include adequate warnings of the dangers posed by its product;

(d) The manufacturer did not included adequate instructions;

(e) While the MSDS sheet warned that the product was not to contact skin, the application instructions and the method of application outlined therein all but guaranteed that the relaxer would contact a consumer's scalp;

(f) The application instructions failed to inform consumers to apply the protective gel around the hair line and nape of the neck to avoid injury; and

(g) The alkalinity level of the product was unreasonably high;

**18.**

The product was defectively manufactured in at least the following ways

(a) Defendant either lacked sufficient testing and inspection techniques and protocols or that such techniques and protocols were ignored and that in the state the hair relaxer was manufactured it posed a risk of causing and did in fact cause severe injuries; and

(b) The manufacturing process allowed for variations in the alkalinity level.

(c) The alkalinity level as manufactured was so high that it created an unreasonable risk of causing injury.

**19.**

Defendant is strictly liable in tort to Ms. Dimmock for the injuries and damages she suffered because the hair relaxer was defective, not merchantable, and not reasonably suited to the use intended.

**20.**

As a direct consequence of the actions and inactions of Defendant **ALBERTO-CULVER USA, INC.**, Plaintiff Michele Dimmock was permanently injured and damaged in an amount to be determined by the enlightened conscience of an impartial jury. Plaintiff suffered pain, both physical and mental, for which pain, past, present and future the defendants are liable to Plaintiff which damages include but are not limited to pain and suffering - mental and physical: past, present, and future; emotional and mental anguish: past, present and future, loss of enjoyment of life, past, present, and future; and consequential damages past, present, and future. Plaintiff believes that given the indifference to her safety shown by defendants such amount is not less than **$18,000,000.00.**

## COUNT II – NEGLIGENCE
*[ALBERTO-CULVER USA, INC.]*

**21.**

Plaintiff incorporates by reference the allegations contained in the preceding paragraphs above as if fully set out herein.

**22.**

A proximate cause of Plaintiff's injuries was the negligence of Defendant **ALBERTO-CULVER USA, INC.** for which defendant is liable as a matter of law. **ALBERTO-CULVER USA, INC** was negligent in at least the following particulars:

> in designing, manufacturing, inspecting, marketing, in developing appropriate instructions, warning of risks, in producing a product with high alkalinity levels, and in leaving the hair relaxer in a dangerous condition, which created a latent hazard to people like the Plaintiff

who purchased said hair relaxer;

**23.**

As a result of the defendants' negligence, Plaintiff sustained severe personal injuries to her head, hair loss, burns to her neck and head, scarring, swelling, pain, and other injuries, which resulted in the Plaintiff undergoing medical care.

**24.**

From November 9, 2006 and for months following, Plaintiff suffered pain, both physical and mental, for which pain, past, present and future the defendants are liable to Plaintiff which damages include but are not limited to pain and suffering - mental and physical: past, present, and future; emotional and mental anguish: past, present and future, loss of enjoyment of life, past, present, and future; and consequential damages past, present, and future.

**25.**

While the amount of compensatory damages shall be determined by the enlightened conscience of a jury of the Plaintiff's peers, the Plaintiff believes that given the indifference to her safety shown by defendants such amount is not less than **$18,000,000.00.**

## COUNT III – BREACH OF IMPLIED WARRANTY
*[WAL-MART]*

**26.**

Plaintiff incorporates by reference the allegations contained in the preceding paragraphs above as if fully set out herein.

**27.**

Wal-Mart is a retailer who sold the hair relaxer at issue to Plaintiff Michele Dimmock.

**28.**

Wal-Mart has sophisticated operations that include aggressive product development, marketing and screening processes whereby potential products to be displayed at and sold at its stores are discussed, examined, chosen or refused, exhibited, marketed and sold.

**29.**

As part of these operational procedures, TCB hair relaxers were considered, examined and ultimately selected for retail sale. As a merchant Wal-Mart warranted that eh hair relaxer was merchantable and that it was fit for the particular purpose of straightening hair.

**30.**

The hair relaxer was not merchantable and not fit for the particular purpose for which it was by reason of its defective condition(s) as previously outlined herein.

**31.**

As a direct result of the breach of said implied warranties Plaintiff Michele Dimmock suffered pain, both physical and mental, for which pain, past, present and future the defendants are liable to Plaintiff which damages include but are not limited to pain and suffering - mental and physical: past, present, and future; emotional and mental anguish: past, present and future, loss of enjoyment of life, past, present, and future; and consequential damages past, present, and future.

### COUNT IV – MAGNUSON-MOSS
*[Wal-Mart]*

**32.**

Plaintiff incorporates by reference the allegations contained in the preceding paragraphs above as if fully set out herein.

**33.**

Pursuant to 15 U.S.C. 2301, et seq. Plaintiff Michele Dimmock is entitled to costs, expenses and attorney's fees for Wal-Mart's breach of its implied warranties of merchantability and fitness for a particular purpose and respectfully requests such an award as part of its damages.

## COUNT V FRAUD
*[Alberto- Culver]*

**34.**

Alberto-Culver, in an attempt to induce consumers like Michele Dimmock to buy its products, to gain competitive advantage and to sell its product for financial gain, knowingly falsely represented that its relaxer takes "Just 16 minutes from start to finish." Plaintiff Michele Dimmock reasonably relied on this false statement and as a direct result purchased said product to her detriment.

**35.**

Alberto-Culver was aware that its statement was patently false as its own instructions require a three minute allergy patch test followed by a 16 minute strand test application before the product can be applied to the consumer's head. After this, the application instructions require careful parting of the hair, and finally application of the product to the hair. The product is then to remain on the consumers hair for another sixteen minutes followed by a thorough rinse and then two further shampoo and rinse applications, and finally application of a balancing crème conditioner and four to five minute rinse with lukewarm water. The Plaintiff estimates that the entire time needed to use the product from start to finish is fifty to seventy-five minutes.

**36.**

In addition to a return of the purchase price, the Plaintiff seeks punitive damages for the Defendant's intentional misrepresentations.

## COUNT VI – LOSS OF CONSORTIUM

*[All Defendants]*

**37.**

Plaintiff incorporates by reference the allegations contained in the preceding paragraphs above as if fully set out herein.

**38.**

Plaintiff Duron Dimmock is the husband of Plaintiff Michele Dimmock.

**39.**

Plaintiff Duron Dimmock brings this claim for the loss of the society, companionship and consortium of the Plaintiff's spouse sustained due to the Defendant's negligence and also based upon the strict liability of the manufacturer as previously outlined.

**40.**

As a direct and proximate result of the Defendants' conduct, Plaintiff Duron Dimmock was injured and lost his spouse's society, companionship and consortium for a period of time from the date of the injury to the present.

**41.**

Plaintiff is entitled to recover for these injuries in an amount to be determined by the enlightened conscience of a jury.

## COUNT V – PUNITIVE DAMAGES

*[All Defendants]*

**42.**

Plaintiff incorporates by reference the allegations contained in the preceding paragraphs above as if fully set out herein.

**43.**

For a significant time before Plaintiff purchased, used and was injured by TCB hair relaxer, Defendants, each of them, knew, among other things, that the hair relaxer was a dangerous product and posed an unjustifiable risk of severely injuring individuals who applied it to their scalp; knew, among other things, that the instructions for the hair relaxer called for application to consumer's scalps even though the MSDS sheet noted that it should not contact skin, knew that such application was done repeatedly by average consumers; knew, among other things, that other persons had been previously injured as a result of hair relaxer contacting their skin; knew that the box and warnings included with the hair relaxer did not adequately warn consumers about the grave risks posed by the product; knew that such warnings were not given to the end consumer by the Manufacturer or anyone in the distribution chain; and knew that the direct result of the failure to warn were increased profits for the manufacturer, distributor and retail seller and increased injuries to consumers; and knew that TCB no lye hair dye relaxer was falsely being marketed to African American women as a safe cosmetic product.

**44.**

Defendants, through their conduct in designing, engineering, manufacturing, testing, selling, and marketing, distributing, and failing to ensure that consumers were warned about the grave dangers of TCB hair relaxer, acted in a willful, wanton and oppressive manner and in a manner showing such an entire want of care as to raise the presumption of a conscious indifference to the consequences of its actions. Pursuant to OCGA § 51-12-5.1, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray for the following:
a) that the Summons and Complaint be served upon Defendants as provided by law;
b) that judgment be entered in favor of Plaintiffs and against Defendants for compensatory damages sufficient to compensate Plaintiffs for all damages and injuries, including past and future medical expenses, future lost income, loss of consortium, and past and future pain and suffering;
c) that judgment be entered in favor of Plaintiffs and against Defendants for punitive damages in an amount to be determined by the enlightened conscience of a fair and impartial jury;
d) that Plaintiffs have a trial by jury; and
e) that Plaintiffs have such other further relief as provided by law.

Respectfully submitted, this 12th day of May, 2008.

BERRY, SHELNUTT, DAY AND HOFFMAN
*A Professional Corporation*

*S:/ David B. Ross*

By: David B. Ross
Bar # 615111
Justice Number: 7508549
PO Box 1437
Columbus, GA 31902
(706) 324-4343

# United States District Court
*Middle District of Georgia*
Columbus Division

| | |
|---|---|
| MICHELE DIMMOCK, ) <br> ) <br> and ) <br> ) <br> DURON DIMMOCK ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALBERTO-CULVER USA, INC. ) <br> ) <br> ) <br> and ) <br> ) <br> WAL-MART STORES EAST, LP ) <br> ) <br> and ) <br> ) <br> DOE CORPORATIONS 1-5, ) <br> ) <br>    Defendants. ) | CIVIL ACTION NO.: 4:08-CV-10(CDL) <br><br> JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008 I electronically filed an **MOTION TO AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                BERRY, SHELNUTT, DAY AND HOFFMAN,
                *A Professional Corporation*


                S:// David B. Ross
                David Ross (Ga. Bar No. 615111)
                Attorneys for Plaintiffs
                PO Box 1437
                Columbus, GA 31902
                Phone: (706) 324-4343
                Fax:    (706) 322-9535